Filed 11/7/13  Jackson v. Katten Munchin Rosenman CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| CARLOS JACKSON,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>KATTEN MUCHIN ROSENMAN, LLP, et al.,<br><br>Defendants and Respondents. | B241596<br><br>(Los Angeles County<br>Super. Ct. No. BC472822) |

APPEAL from a judgment of the Superior Court of Los Angeles County. James R. Dunn, Judge.  Affirmed.

Carlos Jackson, in pro per, Appellant.

Katten Muchin Rosenman and Cory A. Baskin for Respondents.

_____

Plaintiff and appellant Carlos Jackson (Jackson) appeals from the April 13, 2012 order granting a Code of Civil Procedure section 425.16 (§ 425.16) special motion to strike his complaint as a Strategic Lawsuit Against Public Participation (SLAPP) and awarding attorneys fees of $10,800 to defendants and respondents Katten Muchin Rosenmann, LLP, Joel Weiner, Gail Migdal and Gloria Franke (collectively the Katten defendants). Jackson's sole contention is that it was error to deny him an opportunity to file an amended complaint. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2000, Jackson and Universal Pictures entered into a settlement agreement regarding Jackson's claims that Universal took his screenplay, "Agent 008." Pursuant to that agreement, Universal bought the screenplay and was prohibited from denying that it had done so; the agreement also required binding arbitration of all disputes relating to it. Over the next several years, Jackson sued Universal multiple times and Universal successfully compelled arbitration of each matter.

In October 2009, Jackson filed case No. BC424529 against Universal, the gravamen of which was that Universal breached the settlement agreement on August 28, 2009, when its in-house counsel, Keith Blau, told a business associate of Jackson's about the settlement agreement, disparaged Jackson's writing career and accused Jackson of being a vexatious litigant. Universal, represented by the Katten defendants, filed a motion to compel arbitration and dismiss the case. The motion was granted, and the litigation stayed (the March 2010 order). On May 10, 2010, the trial court denied Jackson's request to "rescind" the March 2010 order.

On May 10, 2010, Jackson filed an action against attorney Blau (case No. BC437269), which alleged the identical facts as alleged against Universal in case No. BC424529. The trial court denied without prejudice Blau's motion to have Jackson declared a vexatious litigant. The separate law suits against Universal and Blau were deemed related. On December 3, 2010, Jackson filed a motion for leave to file a second amended complaint in the related cases to add as defendants Universal's and Blau's

2

attorneys, the Katten defendants, and also add five new causes of action (intentional infliction of emotional distress, fraud, defamation, civil conspiracy and intent to defraud). The motion was heard on March 23, 2011. On that date, the trial court granted Blau's motion to compel arbitration of case No. BC437269 and denied Jackson's motion to file an amended complaint on the grounds that, having compelled arbitration, it no longer had jurisdiction to grant the motion to file an amended complaint (the March 2011 order). Jackson's motion to reconsider was denied as untimely and, alternatively, on the merits. Division Seven of this court dismissed Jackson's appeal from the March 2011 order compelling arbitration because it was not an appealable order (case No. B235827). (*Nelsen v. Legacy Partners Residential, Inc.* (2012) 207 Cal.App.4th 1115, 1121 [orders compelling arbitration are appealable from the final judgment].)

On November 3, 2011, Jackson commenced this action against the Katten defendants only. Although the Clerk's Transcript does not include a copy of the complaint, we glean its contents from other documents in the appellate record.[1] The complaint alleged six causes of action: (1) intentional infliction of emotional distress; (2) fraud; (3) defamation; (4) slander; (5) civil conspiracy to defraud; and (6) intent to defraud. Each cause of action was based on written and oral statements made by the Katten defendants in the course and scope of their representation of Universal and Blau in the related cases. For example, Jackson alleges that the Katten defendants called him a vexatious litigant in a July 2010 case management statement and at a court hearing. Jackson also alleges that the Katten defendants brought the motion to compel arbitration knowing it was meritless.

On January 3, 2012, the Katten defendants filed a demurrer and a special motion to strike the complaint as a SLAPP. On January 5, 2012, the trial court found this case

---

[1] In his Appellant's Notice Designating Record on Appeal, Jackson designated the complaint under the heading for administrative records. The Katten defendants filed a Respondents' Notice Designating Record on Appeal, but did not designate the complaint. Appellant also sent the court a letter dated June 6, 2013, together with attachments. We have read and considered the letter and attached material.

(No. BC472822) related to case Nos. BC424529 and BC437269, and assigned the three related cases to Judge James R. Dunn. The demurrer and anti-SLAPP motion were continued to April 13, 2012. Jackson did not file any written opposition to the motions. The day before the April 13, 2012 hearing, Jackson sought leave to file a first amended complaint "in response to . . . [Universal's, Blau's and the Katten defendants'] unjustified motion to compel arbitration granted on March 23, 2011 [in case No. BC437269] and defendant's demurrer and anti-SLAPP motion in response to plaintiff's new complaint [in this case]." According to the motion, Jackson "concedes that the original complaint is deficient as pled, and respectfully requests that he be granted leave to amend the original complaint filed on November 3, 2011 due to inadvertence, mistake and excusable neglect for incompetent legal advice." The amended complaint sought to add two more tort causes of action: negligent emotional distress and interference with prospective business advantage. Jackson argued, "The amendment addresses the actions of the [Katten defendants] in pursuing a course of action that evidences a desire to deceive this court and to defraud [Jackson] by suggesting that the settlement agreement entered into [by Universal and Jackson] protects [Blau] and entitles him to take advantage of the arbitration clause therein."

At the hearing the next day, Jackson stated that he did not file any opposition to the anti-SLAPP motion because he understood filing an amended complaint would cause the demurer and anti-SLAPP motions to be taken off calendar. Apparently realizing his error, Jackson asked for a continuance to obtain counsel and file opposition to the anti-SLAPP motion. The trial court granted the Katten defendants' anti-SLAPP motion and denied Jackson's motion to file an amended complaint. The trial court found: "As all of the conduct complained of in the complaint arises from defendants' alleged activity in connection with underlying litigation, the first prong of [the anti-SLAPP statute] is satisfied and the burden shifts to [Jackson] to establish a probability of prevailing on the merits. As no written opposition was received, [Jackson] tacitly concedes that he cannot establish a probability of prevailing on the merits; moreover, [the Katten defendants are] persuasive in arguing that [Jackson] can't establish a probability of prevailing because:

4

(1) their alleged conduct was protected by the litigation privilege [citation]; and (2) [Jackson's] complaint fails to allege facts sufficient to constitute a cause of action."  The trial court awarded the Katten defendants attorney's fees of $10,800.[2]  Notice of Entry of the order was served on April 19, 2012.  Jackson timely appealed.

## DISCUSSION

### 1.    SLAPP and the Standard of Review

The anti-SLAPP statute provides that a "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  (§ 425.16, subd. (b)(1).)  Ruling on an anti-SLAPP motion is a two-step process.  First, the trial court must determine whether the defendant has made a prima facie showing that the challenged cause of action arises from protected activity.  (*People ex rel. Fire Ins. Exchange v. Anapol* (2012) 211 Cal.App.4th 809, 822.)  If, and only if, the defendant makes that showing must the trial court proceed to the second step – determination of whether the plaintiff has shown a probability of prevailing on the claim.  (*Ibid.*)  The appellate court reviews a ruling on an anti-SLAPP motion de novo, using the same two step process.  (*Coretronic Corp. v. Cozen O'Connor* (2011) 192 Cal.App.4th 1381, 1387 (*Coretronic*); *Cabral v. Martins* (2009) 177 Cal.App.4th 471, 478.)

---

[2]    The Katten defendants' demurrer was taken off calendar and their motion for sanctions against Jackson and his former attorney was continued to May 9, 2012.  That day, the Katten defendants were awarded $19,200 in sanctions.  (Code Civ. Proc., § 128.7.)  Jackson does not appeal from that order.

2.      *Jackson's Motion to File an Amended Complaint Was Properly Denied*

Jackson does not argue that his original complaint could survive an anti-SLAPP motion.  His sole contention on appeal is that the trial court erred in denying his request to file an amended complaint and take the anti-SLAPP motion off calendar.  We disagree.

A plaintiff does not have the right amend its complaint *after* it has been found a SLAPP.  (*Simmons v. Allstate Ins. Co.* (2001) 92 Cal.App.4th 1068, 1073; but see *Nguyen-Lam v. Cao* (2009) 171 Cal.App.4th 858, 862-866 [trial court properly allowed amendment to allow plaintiff to plead actual malice].)  Nor can the plaintiff avoid a hearing on an anti-SLAPP motion by filing an amended complaint *before* the hearing.  (*Hansen v. Department of Corrections &Rehabilitation* (2008) 171 Cal.App.4th 1537, 1547, citing *Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.* (2004) 122 Cal.App.4th 1049, 1054.)  The *Simmons* court explained the reason for the rule:

> "In enacting the anti-SLAPP statute, the Legislature set up a mechanism through which complaints that arise from the exercise of free speech rights 'can be evaluated at an early stage of the litigation process' and resolved expeditiously.  [Citation.]  Section 425.16 is just one of several California statutes that provide 'a procedure for exposing and dismissing certain causes of action lacking merit.'  [Citation.]  [¶]  Allowing a SLAPP plaintiff leave to amend the complaint once the court finds the prima facie showing has been met would completely undermine the statute by providing the pleader a ready escape from section 425.16's quick dismissal remedy.  Instead of having to show a probability of success on the merits, the SLAPP plaintiff would be able to go back to the drawing board with a second opportunity to disguise the vexatious nature of the suit through more artful pleading.  This would trigger a second round of pleadings, a fresh motion to strike, and inevitably another request for leave to amend.  [¶]  By the time the moving party would be able to dig out of this procedural quagmire, the SLAPP plaintiff will have succeeded in his goal of delay and distraction and running up the costs of his opponent.  [Citation.]  Such a plaintiff would accomplish indirectly what could not be accomplished directly, i.e., depleting the defendant's energy and draining his or her resources.  [Citation.]  This would totally frustrate the Legislature's objective of providing a quick and inexpensive method of unmasking and dismissing such suits.  [Citation.]"

(*Simmons, supra*, 92 Cal.App.4th at pp. 1073-1074.)  Under *Hansen* and *Sylmar*, the trial court properly denied Jackson's motion to file an amended complaint, brought the day

6

before the hearing on the anti-SLAPP motion. That the torts Jackson sought to add arose from the same acts upon which the other causes of action were based also supports the court's ruling.

3. *Jackson's Complaint Was Properly Dismissed As a SLAPP*

Although Jackson's Opening and Reply briefs focus on his thwarted attempt to file an amended complaint, and not on the merits of the anti-SLAPP motion, we take a moment here to affirm the trial court's finding that the complaint was a SLAPP. The complaint alleged six causes of action, all torts, each of which arose from written or oral statements the Katten defendants made in the course of their representation of Universal and/or Blau at judicial proceedings in the related cases. With exceptions not relevant here, statements made by attorneys in litigation are protected activity under the anti-SLAPP statute. (*Coretronic, supra*, 192 Cal.App.4th at p. 1388.) Thus, the trial court correctly found the first prong of the anti-SLAPP statute met.

The trial court also properly found the second prong met. This is because the Katten defendants' actions upon which each cause of action is based are protected by the litigation privilege (Civ. Code, § 47, subd. (b)). In *Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1241, our Supreme Court explained:

> "The litigation privilege . . . provides that a 'publication or broadcast' made as part of a 'judicial proceeding' is privileged. This privilege is absolute in nature, applying 'to all publications, irrespective of their maliciousness.' [Citation.] 'The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action.' [Citation.] The privilege 'is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards.' [Citation.]"

The privilege immunizes defendants from liability for all torts except malicious prosecution. (*Tom Jones Enterprises, Ltd. v. County of Los Angeles* (2013) 212 Cal.App.4th 1283, 1293-1294.)

7

Here, because each cause of action arises from written or oral statements made by the Katten defendants in the course of their advocacy for Universal and Blau during judicial proceedings, the litigation privilege bars any tort claims based on those statements.[3]

4.    *The Trial Court Properly Awarded Attorney's Fees*

Jackson contends the trial court erred in awarding the Katten defendants attorney's fees. As we understand his argument, it is that attorney's fees were improper because the Katten defendants should not have prevailed. As we have explained, the trial court did not err in granting the Katten defendants' anti-SLAPP motion. As prevailing parties, the Katten defendants were entitled to attorney's fees and costs. (Code Civ. Proc., § 425.16, subd. (c)(1) ["[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."].)

**DISPOSITION**

The April 13, 2012 order striking the complaint in case No. BC472822 as a SLAPP and awarding attorney's fees is affirmed. The Katten defendants shall recover their costs on appeal.

RUBIN, ACTING. P. J.

WE CONCUR:

FLIER, J.                                                    GRIMES, J.

---

**3**    At oral argument Appellant stressed that there had been no completed litigation and hence no SLAPP motion should have been filed and the litigation privilege did not apply. The litigation privilege generally precludes lawsuits that are based on what was communicated in judicial and quasi-judicial proceedings, and may extend to steps taken before and after litigation. (5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, §§ 567, 571. There is no requirement that the other litigation be completed or ongoing in order to file a SLAPP motion or to assert the litigation privilege.