[No. B216607. Second Dist., Div. Eight. Feb. 24, 2011.]

CORETRONIC CORPORATION et al., Plaintiffs and Respondents, v. COZEN O'CONNOR et al., Defendants and Appellants.

**Pleading § 93—Motion to Strike Pleading as Whole—Anti-SLAPP— Protected Activity—Illegal Conduct Exception.**—Where the plaintiff acknowledges the challenged conduct arises from protected speech or petitioning activity, then the defendant's acts fall under the first prong of the anti-SLAPP (strategic lawsuit against public participation) statute unless the defendant concedes, or the evidence conclusively establishes, the challenged activity was illegal as a matter of law.

**COUNSEL**

Hinshaw & Culbertson, Ronald E. Mallen and Wendy Wen Yun Chang for Defendants and Appellants.

Girardi & Keese, Thomas V. Girardi and Graham B. LippSmith for Plaintiffs and Respondents.

**OPINION**

**GRIMES, J.—**

### SUMMARY

Coretronic Corporation, Optoma Technology, Inc., and Technical Service Corporation (plaintiffs) were sued in another action by E&S International Enterprises, Inc. (E&S), in connection with plaintiffs' manufacture and distribution of plasma televisions. Plaintiffs submitted a claim to Coretronic Corporation's liability insurer, Insurance Company of North America (INA), demanding that INA provide coverage and a defense of the underlying action.

INA retained the Cozen O'Connor law firm (Cozen) as coverage counsel to advise whether plaintiffs' claims were covered. Plaintiffs provided Cozen with confidential information to aid in the coverage evaluation. At the same time Cozen was representing INA in evaluating plaintiffs' tender of the underlying action, Cozen undertook representation of E&S in another lawsuit, unrelated to plaintiffs'.

After discovering Cozen's representation of E&S, plaintiffs moved for terminating sanctions in the underlying action, claiming collusion and misconduct. The trial court denied the motion, reasoning that E&S should not suffer terminating sanctions because of the allegedly unethical conduct of its counsel, about which E&S had no knowledge. Plaintiffs then filed this lawsuit, alleging several claims arising from Cozen having improperly obtained confidential information from plaintiffs that would benefit its client, E&S, plaintiffs' adversary.

Defendants INA, Cozen and individual Cozen Attorneys Michael J. Partos and Richard J. Bortnick now appeal from the trial court's order denying their special motion to strike the complaint in this action under Code of Civil Procedure section 425.16.[1] They contend the trial court erred in finding the complaint was not a SLAPP action.[2] Defendants also contend the claims lack substantive merit. We affirm the order, finding the complaint does not arise from protected activity, and any protected activity is merely incidental to plaintiffs' claims.

## FACTS

Plaintiffs manufacture and distribute plasma televisions. In October 2007, they tendered the defense of a trade dispute brought by E&S (the underlying action) to Coretronic Corporation's insurer, INA. INA retained Cozen as coverage counsel to investigate plaintiffs' demand for coverage and a defense. The Cozen attorneys assigned to represent INA were defendants Bortnick and Partos. INA denied the claim in late February 2008. Despite INA's denial of coverage, Attorney Partos appeared on behalf of INA at a mediation between plaintiffs and E&S in March 2008.

Plaintiffs and Cozen continued to correspond, ostensibly for the purpose of having INA reconsider its denial of coverage. Plaintiffs' counsel had several communications with Cozen lawyers by mail, e-mail and telephone in June

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] SLAPP is an acronym for "strategic lawsuit against public participation." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57, fn. 1 [124 Cal.Rptr.2d 507, 52 P.3d 685].)

2008, in which plaintiffs' counsel described plaintiffs' analysis of liability and damages in the underlying action and their settlement posture. In mid-June 2008, plaintiffs sent Cozen copies of E&S's statutory offers to compromise, together with information disclosing plaintiffs' counsel's evaluation of E&S's settlement demand and how much plaintiffs would be willing to contribute to settle the case. Also in June 2008, plaintiffs sent Cozen a copy of the confidential mediation brief they had prepared for the March 2008 mediation. In late June 2008, Attorney Partos went to the office of plaintiffs' counsel to review the file. Plaintiffs' counsel later e-mailed copies of the documents to Partos that he requested after his review of the file, with the subject heading "E&S v. Coretronic," and in other communications plaintiffs' counsel disclosed plaintiffs' strategy for the defense of the underlying action.

Meanwhile, also in June 2008, while plaintiffs were disclosing to the Cozen lawyers confidential information about the defense of the underlying action, without plaintiffs' knowledge, the Cozen firm—specifically Attorney Partos—undertook the representation of E&S in an unrelated lawsuit that E&S brought against another company in Los Angeles Superior Court. In early July 2008, Partos disclosed to plaintiffs for the first time that Cozen "had dropped the ball" and was concurrently representing E&S in another Los Angeles Superior Court action at the same time Cozen was gathering confidential information regarding plaintiffs' defense of the underlying action E&S had brought against them. Partos denied knowing that the E&S entity that sued plaintiffs in the underlying action was the same E&S his firm was representing, until he attended a July 2, 2008 status conference in the other action. Cozen thereafter withdrew its representation of E&S in that action, but continued to represent INA.

Plaintiffs moved for terminating sanctions against E&S in the underlying action, arguing that plaintiffs were required, under their contractual duty to cooperate with their insurer, INA, to open their litigation files to Cozen. Plaintiffs contended that due to Cozen's representation of E&S, Cozen owed conflicting duties of loyalty to E&S and INA, and that Cozen's conduct irreparably compromised and "tainted" plaintiffs' defense of the E&S litigation. Plaintiffs maintained that the trial court had the inherent authority to dismiss the action because Cozen's conduct " 'threatened the integrity of the judicial process.' [Citation.]" The trial court denied the motion, reasoning that "[w]hen Partos reviewed [Coretronic's] files, it was acting as INA's coverage counsel, not E&S's counsel. There is no evidence that E&S ever authorized Cozen to act as INA's coverage counsel, as only INA could have done that . . . E&S did not know that Cozen had been engaged by INA or what Cozen did or was going to do for INA. [¶] . . . Coretronic has not shown any wrongdoing by E&S *in this action*, nor any disclosure of any confidential information *relevant to this suit*, to justify the nuclear remedy of dismissal."

Coretronic Corporation then filed this action against Cozen, Bortnick, Partos, INA, and E&S, claiming fraud, misrepresentation, concealment, abuse of process, conversion, conspiracy, breach of implied covenant of good faith and fair dealing, negligence, and injunctive relief. The complaint alleges the Cozen lawyers concealed their concurrent status as E&S's counsel in the other action as a means to gain access to plaintiffs' sensitive information that would benefit E&S in its lawsuit against plaintiffs.

Defendants Cozen, Bortnick, and Partos filed a special motion to strike the complaint in this action. INA joined in the motion. The trial court denied the motion, finding plaintiffs' claims did not fall within the ambit of the SLAPP statute. Specifically, the trial court found, "Coretronic is not suing Cozen because of their advice to INA to deny coverage; rather, Coretronic is suing Cozen for alleged ethical transgressions (intentional or not) of representation of parties in which a conflict may or may not exist." This timely appeal followed.

## DISCUSSION

### 1. *Standard of Review*

A defendant opposing a SLAPP claim may bring a special motion to strike any cause of action "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).) A special motion to strike may be addressed to individual causes of action and need not be directed to the complaint as a whole. (*Shekhter v. Financial Indemnity Co.* (2001) 89 Cal.App.4th 141, 150 [106 Cal.Rptr.2d 843].)

An anti-SLAPP motion involves a two-step process. First, the defendant must make a threshold showing that the challenged causes of action arise from protected activity. Then, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the claims. (*Taus v. Loftus* (2007) 40 Cal.4th 683, 712 [54 Cal.Rptr.3d 775, 151 P.3d 1185].) In ruling on an anti-SLAPP motion, the trial court considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).) Our review on appeal is de novo. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3 [46 Cal.Rptr.3d 638, 139 P.3d 30].)

## 2. *Protected Activity*

### a. *Legal standards*

██ The defendant has the burden of making a prima facie showing that one or more causes of action arise from an act in furtherance of the constitutional right of petition or free speech in connection with a public issue. (*Equilon Enterprises v. Consumer Cause, Inc., supra*, 29 Cal.4th at p. 67.) The defendant need not prove that the challenged conduct is protected by the First Amendment as a matter of law; only a prima facie showing is required. (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 820 [33 Cal.Rptr.2d 446], disapproved on other grounds in *Equilon Enterprises, supra*, at p. 68, fn. 5.) Arguments about the merits of the claims are irrelevant to the first step of the anti-SLAPP analysis. (*Freeman v. Schack* (2007) 154 Cal.App.4th 719, 733 [64 Cal.Rptr.3d 867] (*Freeman*) [it is irrelevant that defendant might prevail on the merits of the claims where defendant cannot meet the first prong of the analysis]; *Birkner v. Lam* (2007) 156 Cal.App.4th 275, 284 [67 Cal.Rptr.3d 190] [affirmative defenses, such as the litigation privilege, are not relevant to the first-prong inquiry].) The motion must be denied if the required prima facie showing is not made by the moving defendant. (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 80 [124 Cal.Rptr.2d 519, 52 P.3d 695].)

██ Statements made in litigation, or in connection with litigation, are protected by section 425.16, subdivision (e). Courts have taken a fairly expansive view of what constitutes litigation-related activity for purposes of section 425.16. (See *Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 908 [120 Cal.Rptr.2d 576].) The anti-SLAPP statutes protect not only the litigants, but also their attorneys' litigation-related statements. (*Benasra v. Mitchell Silberberg & Knupp LLP* (2004) 123 Cal.App.4th 1179, 1185 [20 Cal.Rptr.3d 621] (*Benasra*) [" '[A]n attorney who has been made a defendant in a lawsuit based upon a written or oral statement he or she made on behalf of clients in a judicial proceeding or in connection with an issue under review by a court, may have standing to bring a SLAPP motion.' [Citation.]"].)

When a lawsuit involves both protected and unprotected activity, the court looks to the gravamen of the claims to determine if the case is a SLAPP. (*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 672 [35 Cal.Rptr.3d 31].) Protected conduct which is merely *incidental* to the claims does not fall within the ambit of section 425.16. (*Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 188 [6 Cal.Rptr.3d 494]; *Peregrine, supra*, at p. 672.) Where the defendant's protected activity will only be used as evidence in the plaintiff's case, and none of the claims are based on it, the protected activity is only incidental to

the claims. (*Wang v. Wal-Mart Real Estate Business Trust* (2007) 153 Cal.App.4th 790, 809–810 [63 Cal.Rptr.3d 575].) Determining the gravamen of the claims requires examination of the specific acts of alleged wrongdoing and not just the form of the plaintiff's causes of action. (*Peregrine, supra*, at pp. 671–673.)

Defendants contend that all of plaintiffs' claims arise from protected petitioning activity, reasoning that the allegations concern attorneys' breaches of duty in the context of two lawsuits, the underlying action brought by E&S against plaintiffs, and the unrelated action by E&S against another business. Plaintiffs respond that defendants' litigation conduct is not the basis of the complaint. Plaintiffs assert their claims arise from Cozen's dual representation of (1) INA in the coverage dispute arising from E&S's lawsuit against them, and (2) E&S in the unrelated lawsuit. Plaintiffs further contend the claims are based on Cozen's negligent or intentional failure to disclose its representation of E&S while at the same time obtaining plaintiffs' confidential information of strategic value to plaintiffs' adversary, E&S. Plaintiffs contend that it is the *fact* of this conflicting representation, and not any litigation-related statements or conduct, which forms the basis of their claims. We agree with plaintiffs and conclude that the complaint does not target litigation-related activity.

### b. *Plaintiffs' claims are not based on protected conduct.*

Defendants contend the trial court erred when it failed to consider evidence to determine whether Cozen owed any ethical duty to plaintiffs, and that without proof of such a duty arising from an attorney-client relationship, plaintiffs failed to demonstrate their claims fall outside of section 425.16. Defendants argue the "attorney-client" cases cited by plaintiffs are not instructive in this case, where no attorney-client relationship between the parties gave rise to a duty of loyalty owed to plaintiffs. We find defendants have conflated the first and second prongs of the anti-SLAPP analysis. Defendants presume a fundamental fact, that the claims arise from protected activity, which plaintiffs dispute. Defendants' arguments address the merits of the claims of unethical conduct, a question we do not consider unless we conclude the claims arise from protected speech or petitioning activity. (*Freeman, supra*, 154 Cal.App.4th at p. 733.)

█ In the first step of the anti-SLAPP analysis, the court decides only whether the claims arise from protected activity. The court reviews the parties' pleadings, declarations and other supporting documents to determine what conduct is actually being challenged, not to determine whether the conduct is actionable. (*Jespersen v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624, 630–631 [7 Cal.Rptr.3d 715].) The court reviews the

potential merit of the complaint only after the court has concluded the complaint challenges the defendant's exercise of free speech or petitioning activity. If, and only if, such a showing has been made, does the court then consider whether the plaintiff demonstrated a probability of prevailing on the claims. If the substance, or gravamen, of the complaint does not challenge the defendant's acts in furtherance of the right of free speech or petition, the court does not consider whether the complaint alleges a cognizable wrong or whether the plaintiff can prove damages.

Defendants rely heavily on *Seltzer v. Barnes* (2010) 182 Cal.App.4th 953 [106 Cal.Rptr.3d 290] (*Seltzer*), reasoning it supports their contention that, to defeat the anti-SLAPP motion, plaintiffs must make a prima facie case that their claims are not based on protected speech or petitioning activity. In *Seltzer*, after a condominium owner sued the condominium association and its management company, the association cross-complained for trespass and for unpaid assessments. (*Id.* at p. 958.) The condominium owner tendered the cross-complaint to her homeowners insurer, Allstate, which retained counsel to provide coverage advice. (*Id.* at p. 959.) On the advice of its counsel, Allstate agreed to defend the cross-complaint, subject to a reservation of rights to deny coverage. Allstate took the position that the assessment claims were not covered under the policy. Counsel retained by Allstate negotiated a settlement of the case with the association, which did not encompass the assessment claims. The condominium owner then sued Allstate, the association, the management company, and coverage counsel, claiming the parties colluded to defeat coverage under the policies and to convert the proceeds of the policies to the association. (*Ibid.*)

Coverage counsel filed a special motion to strike the complaint, which was denied by the trial court. (*Seltzer, supra,* 182 Cal.App.4th at pp. 959–960.) The Court of Appeal reversed, finding the condominium owner's claims arose from settlement negotiations, which were properly within the ambit of protected litigation conduct under section 425.16. The condominium owner did not dispute that legitimate settlement negotiations are protected, but argued the settlement negotiations in her case were not protected because they were illegal and in violation of various provisions of the Business and Professions Code, Penal Code, and Civil Code. (*Seltzer, supra,* at pp. 964–966.) The appellate court recognized that section 425.16 cannot be invoked by a defendant whose assertedly protected activity is illegal as a matter of law because such activity is not protected by constitutional guarantees of free speech and petition. (*Seltzer, supra,* at pp. 964–965.) However, the court concluded that, since the legitimacy of coverage counsel's conduct was in dispute, the court could not find as a matter of law that coverage counsel's conduct was illegal and therefore not protected by the anti-SLAPP statutes. (*Seltzer, supra,* at p. 965.)

■ *Seltzer* is analogous to this case only to the extent it involves claims of attorney misconduct by a nonclient. *Seltzer* does not establish that in cases involving attorneys and court proceedings, a plaintiff opposing an anti-SLAPP motion must offer evidence that the defendant's conduct was unethical or illegal and therefore not constitutionally protected. Rather, *Seltzer* establishes that, where the plaintiff *acknowledges* the challenged conduct arises from protected speech or petitioning activity, then the defendant's acts fall under the first prong of the anti-SLAPP statute unless the defendant concedes, or the evidence conclusively establishes, the challenged activity was illegal as a matter of law.

Unlike the plaintiff in *Seltzer*, plaintiffs here deny their claims arise from protected speech or petitioning activity. The complaint alleges defendants obtained plaintiffs' records, which had strategic and financial value to E&S, plaintiffs' adversary, under misleading circumstances. The gravamen of the complaint is premised on defendants' failure to disclose Cozen's representation of E&S, while obtaining from plaintiffs their confidential information involving their defense of the lawsuit E&S brought against them. That the concealment occurred in the context of litigation does not change this result, as it is clear that any litigation activity is only incidental to plaintiffs' allegations of wrongdoing. *Seltzer* is inapposite, and does not support the proposition that plaintiffs had to make an evidentiary showing that defendants owed them an ethical duty in order to defeat the anti-SLAPP motion.

We find instructive the opinion in *Freeman*, where clients sued their former attorney, claiming he abandoned them in order to represent adverse interests in their pending class action and in a new competing class action. The Court of Appeal found the action was not a SLAPP, reasoning that the claims did not arise from protected petitioning activity but from the lawyer's "undertaking to represent a party with interests adverse to plaintiffs, in violation of the duty of loyalty he assertedly owed." (*Freeman, supra,* 154 Cal.App.4th at p. 732.) The *Freeman* court concluded the lawyer's litigation activity was only incidental to the core allegations that the attorney breached his duty of loyalty in failing to properly represent the plaintiffs' interests. (*Ibid.*)

We find similarly instructive the opinion in *Benasra*. In that case, the plaintiffs sued their former law firm for breach of its duty of loyalty in representing the plaintiffs' opponent in an arbitration proceeding against the plaintiffs. The lawsuit was held not to be a SLAPP, even though the arbitration was a protected activity, because the law firm's breach of its duty of loyalty occurred when it abandoned the client and agreed to represent the opponent. The claim did not arise from the firm's conduct at the arbitration. (*Benasra, supra,* 123 Cal.App.4th at p. 1189.)

*Freeman* and *Benasra* are instructive, notwithstanding that, in this case, defendants never had an attorney-client relationship with plaintiffs, because the cases illustrate the proper analysis to determine whether a lawsuit challenging attorneys' professional conduct is a SLAPP. In the above cited cases, it was the breach of the duty of loyalty owed to the clients that gave rise to liability, not protected speech or petitioning activity. Similarly, this case does not arise from defendants' protected activity representing their clients in pending or threatened litigation. Rather, the complaint alleges concealment of defendants' representation of E&S while obtaining plaintiffs' sensitive information of benefit to E&S in its lawsuit against plaintiffs. Any assertedly protected activity is not the root of the complaint; it is merely the setting in which the claims arose.

Other cases help illustrate this point. (*Gallimore v. State Farm Fire & Casualty Ins. Co.* (2002) 102 Cal.App.4th 1388 [126 Cal.Rptr.2d 560] [not a SLAPP because complaint did not arise from communications between State Farm and the Department of Insurance in an official inquiry or proceeding, but from State Farm's claims-handling practices]; *Beach v. Harco National Ins. Co.* (2003) 110 Cal.App.4th 82 [1 Cal.Rptr.3d 454] [lawsuit against insurer for bad faith delay in paying uninsured motorist claim held not a SLAPP because it arose from delay in payment, not from insurer's communications with insured in preparation for litigation or arbitration of coverage dispute].)

Defendants argue it is apparent the suit is a SLAPP because plaintiffs seek to enjoin Cozen's continued communications with its clients. However, the remedy sought does not affect whether the claim is based on protected activity. (*Marlin v. Aimco Venezia, LLC* (2007) 154 Cal.App.4th 154, 162 [64 Cal.Rptr.3d 488] [prayer for injunction preventing defendants from evicting plaintiffs was irrelevant to whether cause of action was based on protected activity, as "[a]n injunction is a remedy, not a cause of action. Accordingly, the SLAPP statute does not apply where it is the prayer for an injunction which arises from an act in furtherance of a person's right of petition or free speech" (fn. omitted) because SLAPP motions lie only as to causes of action].)

More fundamentally, it is not Cozen's advocacy that is the target of the complaint. First, as to INA, plaintiffs do not challenge Cozen's advice concerning INA's coverage of the defense of the E&S lawsuit. (Cf. *State Farm General Ins. Co. v. Majorino* (2002) 99 Cal.App.4th 974, 977 [121 Cal.Rptr.2d 719] [declaratory relief action filed by insurer against its insured not a SLAPP because it "*arose* from the tender of defense and the terms of an insurance policy issued well before the underlying litigation commenced, not from the litigation process itself"].) And, as to E&S, plaintiffs do not

challenge Cozen's conduct in the litigation. It is the fact of Cozen's dual representation of plaintiffs and E&S which is the basis of the claims of concealment and fraud. Plaintiffs' claims are based on their lack of knowledge that Cozen may have been acting as a representative of E&S, an adverse party, when Cozen obtained confidential information concerning plaintiffs' defense of the E&S lawsuit. Whether the alleged conflicting representations give rise to a claim for damages, and whether injury may be proved, is not something which must be resolved in the first step of the anti-SLAPP analysis.

We conclude that defendants' special motion to strike and the joinder were properly denied by the trial court. Because we conclude plaintiffs' claims against defendants do not arise from protected activity, we need not consider whether plaintiffs have demonstrated a probability of prevailing on the merits of those claims.

### DISPOSITION

The order is affirmed. Respondents are to recover their costs on appeal.

Rubin, Acting P. J., and Perluss, J.,* concurred.

Appellants' petition for review by the Supreme Court was denied May 18, 2011, S191918.

---

*Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.