PERLUSS, P. J.,
Dissenting. — The first step in the well-established two-step process in ruling on a special motion to strike under Code of Civil Procedure section 425.16[1] is to decide “whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant’s burden is to demonstrate that the act or acts of which the plaintiff complains were taken ‘in furtherance of the [defendant’s] right of petition or free speech under the United States or California Constitution in connection with a public issue,’ as defined in the statute.” (Equilon Enterprises v. Consumer Cause, Inc. (2002) 29 Cal.4th 53, 67 [124 Cal.Rptr.2d 507, 52 P.3d 685]; accord, Oasis West Realty, LLC v. Goldman (2011) 51 Cal.4th 811, 820 [124 Cal.Rptr.3d 256, 250 P.3d 1115]; see City of Cotati v. Cashman (2002) 29 Cal.4th 69, 78 [124 Cal.Rptr.2d 519, 52 P.3d 695] [“[i]n the anti-SLAPP context, the critical point is whether the plaintiff’s cause of action itself was based on an act in furtherance of the defendant’s right of petition or free speech”].)
A lawyer’s prelitigation and litigation-related activities on behalf of a client constitute protected speech or petitioning activity within the meaning of *159 section 425.16. (Rusheen v. Cohen (2006) 37 Cal.4th 1048, 1056 [39 Cal.Rptr.3d 516, 128 P.3d 713]; Briggs v. Eden Council for Hope & Opportunity (1999) 19 Cal.4th 1106, 1115 [81 Cal.Rptr.2d 471, 969 P.2d 564]; see Coretronic Corp. v. Cozen O’Connor (2011) 192 Cal.App.4th 1381, 1388 [121 Cal.Rptr.3d 254].) Yet, as the majority opinion accurately states, numerous appellate decisions have held actions based on an attorney’s breach of professional and ethical duties owed to a client fail to satisfy the first prong of the section 425.16 analysis and are not subject to a special motion to strike “even though protected litigation activity features prominently in the factual background” (Castleman v. Sagaser (2013) 216 Cal.App.4th 481, 491 [156 Cal.Rptr.3d 492]) — in fact, even though, as here, the lawyer defendants’ conduct that gives rise to their asserted liability (the alleged breaches of fiduciary duty and violations of ethical standards) consisted almost entirely of protected litigation-related activities. (See, e.g., Loanvest I, LLC v. Utrecht (2015) 235 Cal.App.4th 496, 505 [185 Cal.Rptr.3d 385] [legal malpractice action alleging breach of fiduciary duty based on attorney’s conflict of interest in representing client in litigation not subject to special motion to strike under § 425.16]; Freeman v. Schack (2007) 154 Cal.App.4th 719, 729, 732 [64 Cal.Rptr.3d 867] [claim that attorney abandoned client in order to represent party with adverse interest in same and different litigation not subject to §425.16 motion]; Kolar v. Donahue, McIntosh & Hammerton (2006) 145 Cal.App.4th 1532, 1539-1540 [52 Cal.Rptr.3d 712] [malpractice claim alleging attorney’s incompetent handling of lawsuit not subject to § 425.16 motion].) Why?
A comprehensive explanation for this development was set forth by our colleagues in the Sixth District in PrediWave Corp. v. Simpson Thacher & Bartlett LLP (2009) 179 Cal.App.4th 1204, 1227 [102 Cal.Rptr.3d 245] (PrediWave): “In determining the applicability of the anti-SLAPP statute, we think a distinction must be drawn between (1) clients’ causes of action against attorneys based upon the attorneys’ acts on behalf of those clients, (2) clients’ causes of action against attorneys based upon statements or conduct solely on behalf of different clients, and (3) nonclients’ causes of action against attorneys. In the first class, the alleged speech and petitioning activity was carried out by attorneys on behalf of the plaintiffs in the lawsuits now being attacked as SLAPP’s, although the attorneys may have allegedly acted incompetently or in violation of the Professional Rules of Conduct. The causes of action in this first class categorically are not being brought ‘primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition ....’(§ 425.16, subd. (a).)” Accordingly, the PrediWave court held, “it is unreasonable to interpret this language to include a client’s causes of action against the client’s own attorney arising from litigation-related activities undertaken for that client.” {Id. at p. 1228.) Similarly, in Loanvest I, LLC v. Utrecht, supra, 235 Cal.App.4th at page 504, the court *160 held, “Where ... a legal malpractice action is brought by an attorney’s former client, claiming that the attorney breached fiduciary obligations to the client as the result of a conflict of interest or other deficiency in the representation of the client, the action does not threaten to chill the exercise of protected rights and the first prong of the anti-SLAPP analysis is not satisfied.” (See Kolar v. Donahue, McIntosh & Hammerton, supra, 145 Cal.App.4th at p. 1540 [“[a] malpractice claim focusing on an attorney’s incompetent handling of a previous lawsuit does not have the chilling effect on advocacy found in malicious prosecution, libel, and other claims typically covered by the anti-SLAPP statute”]; Chodos v. Cole (2012) 210 Cal.App.4th 692, 702 [148 Cal.Rptr.3d 451] [“ ‘California courts have held that when a claim [by a client against a lawyer] is based on a breach of the fiduciary duty of loyalty or negligence, it does not concern a right of petition or free speech, though those activities arose from the filing, prosecution of and statements made in the course of the client’s lawsuit’ ”].)
1 agree with the majority that Jean E. Sprengel’s claims against Attorneys Gregory A. Zbylut, Vincent Cox and the Leopold, Petrich & Smith law firm (collectively lawyer defendants) cannot be meaningfully distinguished from the claims at issue in many of these cases. Although, as the lawyer defendants contend, Sprengel may not be able to establish the existence of an implied attorney-client relationship because they represented the entity Purposeful Press, LLC, and not its individual members (Sprengel and Lanette Mohr), that is a second prong issue under section 425.16. Whether the lawyer defendants met their initial burden to demonstrate the challenged causes of action arise from protected activity must proceed on the premise, as alleged by Sprengel, that the lawyer defendants violated a duty of loyalty they owed her as a 50 percent member of Purposeful Press by providing legal services in two lawsuits (referred to in the complaint as the “Dissolution Case” and the “Copyright Case”) that were primarily devoted to the best interests of Mohr. However, I do not agree those cases categorically refusing to apply section 425.16 to “garden variety malpractice actions” were properly decided.[2]
*161 First, although the Legislature’s underlying purpose in enacting section 425.16 may have been to curtail lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition (see § 425.16, subd. (a)), the Supreme Court years ago rejected the argument a defendant filing a special motion to strike under this section must establish, in addition to demonstrating the gravamen or principal thrust of the complaint concerned protected activity, that it was filed with the intent to chill the exercise of constitutional speech or petition rights (Equilon Enterprises v. Consumer Cause, Inc., supra, 29 Cal.4th at pp. 58-67) or that the action had the effect of chilling those rights (Navellier v. Sletten (2002) 29 Cal.4th 82, 89 [124 Cal.Rptr.2d 530, 52 P.3d 703]). That a malpractice action is not brought primarily to chill the exercise of protected rights, as the PrediWave court observed (PrediWave, supra, 179 Cal.App.4th at p. 1227), or that the threat of a malpractice action “encourages the attorney to petition competently and zealously,” rather than “chilling the petitioning activity,” as the court in Kolar v. Donahue, McIntosh & Hammerton, supra, 145 Cal.App.4th at page 1540 posited, is simply irrelevant to the question whether a plaintiff’s malpractice lawsuit arises from litigation-related activities — acts, in furtherance of the right to petition or free speech as required by the first prong of section 425.16.
A closely related second flaw in these cases — perhaps fueled by an understandable distaste for the explosion of section 425.16 motions with their related prejudgment appeals (see, e.g., Hewlett-Packard Co. v. Oracle Corp. (2015) 239 Cal.App.4th 1174, 1184-1185 [191 Cal.Rptr.3d 807]) — is their violation of the plain language principle of statutory interpretation that has been “scrupulously honored” in the Supreme Court’s anti-SLAPP jurisprudence. (Jarrow Formulas, Inc. v. LaMarche (2003) 31 Cal.4th 728, 733 [3 *162 Cal.Rptr.3d 636, 74 P.3d 737].)[3] In Jarrow the Supreme Court held malicious prosecution actions necessarily satisfy the first step of the section 425.16 analysis because they arise from an underlying lawsuit, or petition to the judicial branch. (Jarrow, at pp. 734-735.) The court rejected the policy based argument that there was no evidence the Legislature had intended the section to apply to such claims: “ ‘The plain language of the statute establishes what was intended by the Legislature.’ [Citation.] ‘ “If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to [extrinsic] indicia of the intent of the Legislature ....”’ [Citation.] The anti-SLAPP statute is not ambiguous with respect to whether its protection of ‘any act’ furthering protected rights encompasses suing for malicious prosecution. As we previously have observed, ‘[n]othing in the statute itself categorically excludes any particular type of action from its operation.’ ” (Jarrow, at p. 735.)
That same reasoning applies to the so-called “garden variety malpractice actions” that follow PrediWave and have concluded, explicitly or implicitly, section 425.16 does not apply because it would be “unreasonable” to interpret the statutory language to include a client’s causes of action against the client’s own attorney arising from litigation-related activities undertaken for that client. (PrediWave, supra, 179 Cal.App.4th at p. 1228.) The language is clear and unambiguous; no interpretation is necessary or appropriate. Whatever the label for the former client’s causes of action — professional negligence, breach of fiduciary duty or breach of contract — if those claims are based on the lawyer’s actions in litigation (or in anticipation of litigation), they arise from acts in furtherance of the right of petition. There is no more justification for a categorical exclusion of legal malpractice actions from the scope of section 425.16 than for excluding malicious prosecution cases.
There may well be valid reasons for reevaluating section 425.16 and limiting its scope in light of its current application and impact in the trial and appellate courts. But it is not our role to make that determination. Rather, it is for the Legislature, which has previously demonstrated its willingness to act to correct perceived abuses in California’s anti-SLAPP law (see §§ 425.17, 425.18),[4] to balance competing public policies and to create an exception to *163 the statutory scheme for legal malpractice cases if it concludes it is appropriate to do so. (See generally Cassel v. Superior Court (2011) 51 Cal.4th 113, 136 [119 Cal.Rptr.3d 437, 244 P.3d 1080] [“We express no view about whether the statutory language, thus applied, ideally balances the competing concerns or represents the soundest public policy. Such is not our responsibility or our province. We simply conclude, as a matter of statutory construction, that application of the statutes’ plain terms to the circumstances of this case does not produce absurd results that are clearly contrary to the Legislature’s intent.”].)
Accordingly, I respectfully dissent.
A petition for a rehearing was denied October 29, 2015, and the opinion was modified to read as printed above. The petition of appellants Vincent Cox and Leopold, Petrich & Smith for review by the Supreme Court was denied January 20, 2016, S230384.

 Statutory references are to this code.

 The developing consensus in this area is neither unanimous nor uniform. Some appellate decisions have recognized a client’s malpractice claims against his or her former lawyer for breach of fiduciary duty in the litigation context may satisfy the first prong of the anti-SLAPP analysis. (See, e.g., Fremont Reorganizing Corp. v. Faigin (2011) 198 Cal.App.4th 1153, 1166-1168 [131 Cal.Rptr.3d 478] [alleged breach of duty of confidentiality and other fiduciary duties in context of judicial proceeding to marshal assets of insolvent insurer]; Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP (2005) 133 Cal.App.4th 658, 671-672 [35 Cal.Rptr.3d 31] [alleged conflict of interest while representing client in action filed by Securities and Exchange Commission].)
In others the litigation activity itself unquestionably was incidental or collateral to the principal thrust or gravamen of the plaintiff’s allegations of wrongdoing. For example, in Coretronic Corp. v. Cozen O’Connor, supra, 192 Cal.App.4th 1381 the plaintiffs alleged that the defendant law firm had obtained confidential information while representing them in a *161 lawsuit without disclosing the firm also represented, in a separate action, the company that was suing them and that the law firm then improperly shared that sensitive information with the company. The court explained, “[I]t is not [the law firm’s] advocacy that is the target of the complaint,” but rather the fact of the law firm’s dual representation that was the basis for the plaintiffs’ claims of concealment and fraud. (Id. at p. 1392.) Similarly, in Hylton v. Frank E. Rogozienski, Inc. (2009) 177 Cal.App.4th 1264 [99 Cal.Rptr.3d 805] the former client alleged he had been charged an unconscionable fee that his lawyer had justified by falsely advising him there was doubt about his entitlement to certain stock and encouraging him to include the issue of stock ownership in his wrongful termination lawsuit and then to settle that claim. (Id. at p. 1271.) The Court of Appeal affirmed the trial court’s ruling the lawyer had not met his threshold showing under section 425.16: “Hylton’s claims allude to Rogozienski’s petitioning activity, but the gravamen of the claim rests on the alleged violation of Rogozienski’s fiduciary obligations to Hylton by giving Hylton false advice to induce him to pay an excessive fee to Rogozienski.” (Hylton, at p. 1274.)
In addition, transactional malpractice claims — those involving legal advice unrelated to litigation — generally will not trigger the protections of section 425.16. (See, e.g., Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP, supra, 133 Cal.App.4th at p. 670; Moore v. Shaw (2004) 116 Cal.App.4th 182, 195-197 [10 Cal.Rptr.3d 154].)

 The cases also disregard the express statutory command that the provisions of section 425.16 “shall be construed broadly.” (§425.16, subd. (a); see Jarrow Formulas, Inc. v. LaMarche, supra, 31 Cal.4th at p. 735.)

 Section 425.17, exempting certain actions from the anti-SLAPP statute, was enacted in 2003 (Stats. 2003, ch. 338, § 1, pp. 2722-2723), prior to the decision in Benasra v. Mitchell Silberberg & Knupp LLP (2004) 123 Cal.App.4th 1179 [20 Cal.Rptr.3d 621]; section 425.18, revising procedures applicable to so-called SLAPPback actions, was adopted in 2005 (Stats. 2005, ch. 535, § 2, pp. 4122-4123), shortly after Benasra but well before PrediWave, supra, 179 Cal.App.4th 1204, and the cases adopting its reasoning to exclude “garden variety malpractice *163 actions” from the reach of section 425.16. The amendments to section 425.16 itself during the past decade have largely been technical and nonsubstantive.