NOT DESIGNATED FOR PUBLICATION

No. 117,624

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

T&T FINANCIAL OF KANSAS CITY, LLC
d/b/a BREWED BEHAVIOR, et al.,
*Appellees*,

v.

EMILY TAYLOR,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; KEVIN P. MORIARTY, judge. Opinion filed December 22, 2017. Reversed and remanded with directions.

*Michelle R. Stewart* and *Jennifer R. Johnson*, of Hinkle Law Firm LLC, of Overland Park, for appellant.

*Michael J. Fleming*, of Kapke & Willerth, LLC, of Lee's Summit, Missouri, for appellees.

Before HILL, P.J., MALONE, J., and MERLIN G. WHEELER, District Judge, assigned.

PER CURIAM: This appeal addresses Kansas' Public Speech Protection Act, K.S.A. 2016 Supp. 60-5320, which became effective on July 1, 2016. In this case, Tracy Allen filed a lawsuit against Emily Taylor, alleging that Taylor communicated defamatory speech through a blog and e-mails. After Allen filed his petition, Taylor filed a motion to strike under K.S.A. 2016 Supp. 60-5320(d). The district court denied the motion to strike for the sole reason that Taylor denied making some of the communications identified in Allen's petition. Taylor filed a timely interlocutory appeal, which the statute allows. We conclude the district court erred by denying the motion to strike for the sole reason that

1

Taylor denied making some of the defamatory communications, and we remand with directions for the district court to conduct further analysis consistent with the statute.

FACTUAL AND PROCEDURAL BACKGROUND

Allen is the founder, president, and chief executive officer of Brewed Behavior, a business name registered to T & T Financial of Kansas City LLC. Brewed Behavior offers comprehensive quality and business support to all segments of the coffee industry. At the time this lawsuit was filed, Allen was the immediate past president of the Specialty Coffee Association of America (SCAA).

Prior to this dispute, Allen and Taylor were in a dating relationship for about two months. Around February 2016, the couple separated. After the relationship ended, Allen alleges that Taylor assumed the online identity of Sarah Smith. Under this fake identity, Allen alleges that in April 2016, Taylor authored the blog, "The Truth about Tracy," which disparaged Allen, calling him a fraud, a liar, an abuser of women, and a criminal. Allen also alleges that Taylor sent a post from the blog to the SCAA.

Allen also alleges that Taylor e-mailed disparaging, false statements to a Boy Scout troop leader with whom Brewed Behavior was working pro bono. Allen claims that this e-mail accused him of emotionally abusing his own children, among other things. This e-mail included a link to the blog.

Allen also alleges that in June 2016, Taylor e-mailed his new girlfriend, Jennifer Peters, telling her that Allen was a narcissistic sociopath. Allen then claims that Taylor contacted Peters' ex-husband, warning him that Allen is a sex porn addict, an abuser of women, and a questionable person, and that he should keep his children away from Allen.

2

On October 27, 2016, T & T Financial of Kansas City, LLC d/b/a Brewed Behavior and Allen filed a petition for damages against Taylor, asserting the above allegations. The petition included causes of action for defamation and tortious interference with a business relationship. Allen prayed for damages in excess of $75,000 and any other relief the district court deemed appropriate.

On December 20, 2016, Taylor filed a motion to strike Allen's petition under K.S.A. 2016 Supp. 60-5320. In her motion to strike, Taylor claimed that Allen's petition implicated her right to engage in free speech on a public issue, which includes commentary on a good, product, or service in the marketplace. Taylor attached to her motion to strike an affidavit swearing that she did not author the blog post and that she did not send the blog post to the Boy Scouts or the SCAA. Taylor did not admit or deny that she contacted Peters or Peters' ex-husband as alleged in Allen's petition.

On January 9, 2017, Allen filed his response in opposition to Taylor's motion to strike. In his response, Allen argued that Taylor was not entitled to protection under K.S.A. 2016 Supp. 60-5320 if she was denying making the communications in question; that the new statute, which went into effect on July 1, 2016, did not apply retroactively to his pending claim; that the new statute did not apply because Taylor's communications were not related to a public issue or issue of public interest; and that the new statute unconstitutionally denied Allen his right to petition and his right to a jury trial.

The district court held a hearing on February 10, 2017. After hearing arguments of counsel, the district court found that K.S.A. 2016 Supp. 60-5320 was procedural in nature and applied to Allen's pending lawsuit. The district court ordered limited discovery relevant to the motion to strike and also ordered supplemental briefing. Specifically, the district court determined that Taylor's hard drive on her personal computer was discoverable, but Allen later declined to pursue discovery because it was too costly.

3

On April 10, 2017, the district court filed a memorandum decision denying Taylor's motion to strike. The district court reasoned that Taylor was not entitled to free speech protection under K.S.A. 2016 Supp. 60-5320 if she was denying making the alleged defamatory comments in the first place. Specifically, the district court stated:

"A plain reading of the statute requires a defendant to *actually exercise* her right of free speech to seek protection under the [statute]. Critics may argue that this would require a defendant to admit it made allegedly defamatory statements. The [statute] was designed to protect those who chose to exercise their freedom of speech, and are then threatened with legal action for exercising that right. It is a procedural mechanism designed to punish plaintiffs that file defamation lawsuits for the purpose of harassing or intimidating defendants when the plaintiff cannot establish a prima facie case. It was not enacted to give a defendant an opportunity to take a double-pronged approach to a defamation lawsuit—allowing the defendant to deny that she made the defamatory comments, yet seek protection under the [statute] for the benefit of the mandatory attorneys' fees if the motion is successful.

. . . .

"Here, Defendant moved to strike under the [statute], and at the same time filed an affidavit denying that she wrote the Tumblr posts or e-mails in question. A defendant may only bring a special motion to strike the claim if the claim is based on or otherwise relates to a party's exercise of free speech. Because Defendant's affidavit flatly denies that she made the defamatory comments, the plain language of the statute prevents her from succeeding on the motion. Accordingly the motion is DENIED."

The district court's memorandum decision did not address Allen's claim that K.S.A. 2016 Supp. 60-5320 did not apply because Taylor's comments were not related to a public issue or issue of public interest. The district court also did not rule on Allen's constitutional argument, although the court stated in dicta that the statute may be unconstitutionally overbroad. Taylor filed a timely interlocutory appeal from the denial of her motion to strike pursuant to K.S.A. 2016 Supp. 60-5320(f)(2). Allen attempted to file a cross-appeal on the retroactivity issue and the constitutional issue; however, this court

4

dismissed his cross-appeal, finding this court lacked jurisdiction because nothing in K.S.A. 2016 Supp. 60-5320 authorized a cross-appeal.

ANALYSIS

On appeal, Taylor claims the district court erred by denying her motion to strike Allen's petition solely for the reason that she denied making the statements in question. Taylor contends that she satisfied her initial burden of showing that the claim against her involved her exercise of free speech, right to petition, or right of association. In particular, Taylor argues that the first step of the analysis under K.S.A. 2016 Supp. 60-5320(d) only requires the district court to consider the basis of the underlying claim; thus, the district court should not have considered her denial when analyzing the first step.

Allen responds that the district court properly denied Taylor's motion to strike. Allen contends that the plain language of K.S.A. 2016 Supp. 60-5320 requires Taylor to admit to the allegations in question. Specifically, Allen argues that since Taylor denies making the allegedly defamatory statements, she could not have engaged in the exercise of free speech; thus, she should not be afforded the protection of this statute. Allen also asserts that the purpose behind K.S.A. 2016 Supp. 60-5320 supports his position that the statute is inapplicable as a defense to his claims against Taylor.

This appeal centers on the interpretation of K.S.A. 2016 Supp. 60-5320. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.,* 301 Kan. 916, 918, 349 P.3d 469 (2015).

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words

5

their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. 304 Kan. at 409. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent. 304 Kan. at 409.

Both parties refer to K.S.A. 2016 Supp. 60-5320 as Kansas' first anti-SLAPP statute. SLAPP is an acronym for "strategic lawsuits against public participation." Tate, *California's Anti-SLAPP Legislation: A Summary of and Commentary on Its Operation and Scope*, 33 Loyola L.A. L. Rev. 801, 802 (2000). In what has become known as a SLAPP lawsuit, a party (often a large corporation) files a nonmeritorious claim in order to silence an outspoken critic by tying up the defendant in litigation and draining the defendant's resources. 33 Loyola L.A. L. Rev. at 802-05. Thus, SLAPP lawsuits are perceived as having a chilling effect on free speech. 33 Loyola L.A. L. Rev. at 805. For that reason, as early as 1992, state legislatures began enacting what is known as anti-SLAPP statutes. André, *Anti-SLAPP Confabulation and the Government Speech Doctrine*, 44 Golden Gate U. L. Rev. 117, 118-19 (2014). The hallmark of these statutes is the ability of a defendant to file an early "motion to strike" so the court can make an initial determination whether the lawsuit has been filed to harass the defendant or to stifle the defendant's right of free speech. 44 Golden Gate U. L. Rev. at 119.

In 2016, the Kansas Legislature passed K.S.A. 2016 Supp. 60-5320, Kansas' first anti-SLAPP statute, which became effective on July 1, 2016. L. 2016, ch. 58, § 1. This statute is known as the Public Speech Protection Act. K.S.A. 2016 Supp. 60-5320(a). K.S.A. 2016 Supp. 60-5320(b) explicitly states its purpose:

6

"The purpose of the public speech protection act is to encourage and safeguard the constitutional rights of a person to petition, and speak freely and associate freely, in connection with a public issue or issue of public interest to the maximum extent permitted by law while, at the same time, protecting the rights of a person to file meritorious lawsuits for demonstrable injury."

The statute goes even further by instructing courts how to interpret it: "The provisions of the public speech protection act shall be applied and construed liberally to effectuate its general purposes." K.S.A. 2016 Supp. 60-5320(k). Also, K.S.A. 2016 Supp. 60-5320(c) provides definitions for every significant term found in the statute.

Getting to the heart of the statute, K.S.A. 2016 Supp. 60-5320(d) provides a procedural remedy early in the litigation for those parties claiming to be harassed by a SLAPP lawsuit. K.S.A. 2016 Supp. 60-5320(d) states, in relevant part:

"A party may bring a motion to strike the claim if a claim is based on, relates to or is in response to a party's exercise of the right of free speech, right to petition or right of association. A party bringing the motion to strike has the initial burden of making a prima facie case showing the claim against which the motion is based concerns a party's exercise of the right of free speech, right to petition or right of association. If the moving party meets the burden, the burden shifts to the responding party to establish a likelihood of prevailing on the claim by presenting substantial competent evidence to support a prima facie case. If the responding party meets the burden, the court shall deny the motion. In making its determination, the court shall consider pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based."

K.S.A. 2016 Supp. 60-5320(d) requires a two-step analysis for the district court to determine if the motion to strike should be granted. First, a party bringing the motion to strike has the initial burden of showing that the claim against which the motion is based concerns a party's exercise of the right of free speech, the right to petition, or the right of association. Second, if the moving party meets this initial burden, the burden then shifts

7

to the responding party to establish a likelihood of prevailing on the claim by presenting substantial competent evidence to support a prima facie case. In ruling on a motion to strike, the district court shall consider the pleadings and affidavits submitted by the parties. K.S.A. 2016 Supp. 60-5320(d).

Here, the district court denied Taylor's motion to strike for the sole reason that she denied making some of the communications identified in Allen's petition. Essentially, the district court ruled that Taylor was not entitled to bring a motion to strike under K.S.A. 2016 Supp. 60-5320(d) unless she admitted making the allegations in questions. The district court did not reach the second step in the analysis under the statute, and in fact, the district court never completed the first step in the analysis by determining whether the claim against which the motion was based concerned a protected right under the statute.

On appeal, each party's argument turns on the following language of K.S.A. 2016 Supp. 60-5320(d):

> "A party may bring a motion to strike the claim if *a claim* is based on, relates to or is in response to *a party's exercise* of the right of free speech, right to petition or right of association. A party bringing the motion to strike has the initial burden of making a prima facie case showing *the claim* against which the motion is based concerns *a party's exercise* of the right of free speech, right to petition or right of association." (Emphasis added.)

Allen focuses on the language that a party bringing the motion to strike has the initial burden of showing that the claim concerns *a party's exercise* of the right of free speech. Allen contends that this language requires Taylor to admit to the allegations in question before filing a motion to strike. Allen asserts that since Taylor denies making the allegedly defamatory statements, she could not have engaged in the exercise of free speech; thus, she should not be afforded the protection of the statute.

8

In contrast, Taylor emphasizes the language that a party bringing the motion to strike has the initial burden of showing that *the claim* against which the motion is based concerns a party's exercise of the right of free speech. Stated differently, Taylor argues that her denial of engaging in any protected activity has no bearing on whether she can bring a motion to strike or whether she satisfied her burden in step one of the analysis. Taylor argues that Allen's reading of the statute would violate the Act's purpose by depriving protection for anonymous speech.

Each party's interpretation of the statute is reasonable. We have found no legislative history of K.S.A. 2016 Supp. 60-5320 that is helpful in determining the Legislature's intent beyond what the statute itself already provides. Also, there is no Kansas caselaw interpreting this statute. However, the Legislature has directed that the provisions of the Public Speech Protection Act shall be applied and construed liberally to effectuate its general purposes. K.S.A. 2016 Supp. 60-5320(k).

Liberally construing the statute, we conclude that whether a party may properly bring a motion to strike turns solely on the contents of the plaintiff's claims. K.S.A. 2016 Supp. 60-5320(d) provides that a party may bring a motion to strike if *a claim* is based on a party's exercise of a protected right. Moreover, a party bringing the motion to strike has the initial burden of showing that *the claim* against which the motion is based concerns a party's exercise of a protected right. Put simply, step one of the analysis under K.S.A. 2016 Supp. 60-5320(d) only concerns the content of the claims. As a result, whether Taylor later admits or denies the allegations is not relevant regarding step-one analysis because the district court should only consider the contents of the claims in the petition.

Here, the petition alleges that Taylor communicated electronically through her blog and e-mails and these communications resulted in defamation and tortious interference. "Communication" means the making or submitting of a statement or document in any form or medium, including oral, visual, written, or electronic. K.S.A.

9

2016 Supp. 60-5320(c)(2). The claims in Allen's petition implicate Taylor's right to engage in free speech assuming she can establish that the communications were made in connection with a public issue or issue of public interest. This is the type of claim that may be subject to a motion to strike under K.S.A. 2016 Supp. 60-5320(d).

Although we can find no case from another state that is directly on point, persuasive authority supports Taylor's argument that step one of the analysis focuses on the *claim* upon which a motion to strike is based and it is irrelevant whether the defendant admits or denies making the statements in question. In *Malin v. Singer*, 217 Cal. App. 4th 1283, 1304, 159 Cal. Rptr. 3d 292 (2013), the California Court of Appeals—also considering a two-step anti-SLAPP statute—held that the defendant's assertion that he was innocent of the accused conduct is irrelevant because such an assertion is "'more suited to the second step of an anti-SLAPP motion.'" See also *City of Costa Mesa v. D'Alessio Investments, LLC*, 214 Cal. App. 4th 358, 371, 154 Cal Rptr. 3d 698 (2013) ("The merits of [plaintiff's] claims should play no part in the first step of the anti-SLAPP analysis."); *Coretronic Corp. v. Cozen O'Connor*, 192 Cal. App. 4th 1381, 1388, 121 Cal. Rptr. 3d 254 (2011) ("Arguments about the merits of the claims are irrelevant to the first step of the anti-SLAPP analysis.").

Significantly, we note that the affidavit attached to Taylor's motion to strike denied making *some*, but not all, of the communications identified in Allen's petition. Taylor denied that she authored the blog, "The Truth about Tracy," and she denied sending the blog post to the Boy Scouts of America and to the SCAA. However, Taylor never denied that she contacted Peters or Peters' ex-husband as alleged in Allen's petition. Thus, even if the district court was correct in finding that Taylor was not entitled to free speech protection under K.S.A. 2016 Supp. 60-5320 because she denied making some of the communications identified in Allen's petition, this finding would not be a proper basis for the district court to deny Taylor's motion to strike in its entirety.

Thus, we conclude the district court erred by denying the motion to strike based solely on the reason that Taylor denied making some of the communications in question. We interpret K.S.A. 2016 Supp. 60-5320(d) to mean that a party bringing a motion to strike has the initial burden of showing that the claims in the plaintiff's petition implicate a protected right under the statute, and it is irrelevant whether the defendant admits or denies making the statements in question. The fact that Taylor denied making some of the statements in question may have a bearing on the second step in the analysis under K.S.A. 2016 Supp. 60-5320(d), but the district court never reached the second step in the case herein. Finally, because Taylor only denied making some, but not all, of the communications identified in Allen's petition, Taylor's partial denial should not have caused the district court to deny the motion to strike solely for this reason.

In district court, Allen asserted that K.S.A. 2016 Supp. 60-5320 did not apply because Taylor's communications were not related to a public issue or issue of public interest. The district court did not address this argument in its ruling. In our view, whether Taylor's alleged communications involved a public issue or issue of public interest goes to the heart of the first step in the statutory analysis concerning a motion to strike. K.S.A. 2016 Supp. 60-5320(d) provides that a party may bring a motion to strike if the claim is based on a party's "exercise of the right of free speech." K.S.A. 2016 Supp. 60-5320(c)(4) defines "[e]xercise of the right of free speech" to mean a communication made in connection with a "public issue or issue of public interest." K.S.A. 2016 Supp. 60-5320(c)(7)(E) in turn defines "public issue or issue of public interest" to include an issue related to "a good, product or service in the marketplace."

Under K.S.A. 2016 Supp. 60-5320(d), Taylor has the initial burden of showing that the alleged defamatory communications identified in Allen's petition concern the exercise of her right of free speech, meaning that the communications were made in connection with a public issue or issue of public interest. In district court, Taylor asserted that the communications in Allen's petition related to "a good, product or service in the

11

marketplace." See K.S.A. 2016 Supp. 60-5320(c)(7)(E). But Allen is not a public servant as defined in the statute and he does not sell coffee to the public. Brewed Behavior is a coffee consulting business. At first glance, we question whether the allegations that Allen is an abuser of women and children, a narcissistic sociopath, and a sex porn addict, even if true, are in any way related to a good, product or service in the marketplace. The resolution of this issue should be the focus of the district court's attention in step one of the analysis. If Taylor is unable to meet her initial burden of showing that the communications identified in Allen's petition were made in connection with a public issue or issue of public interest, then the district court may properly deny Taylor's motion to strike under K.S.A. 2016 Supp. 60-5320(d). The district court also may properly deny the motion to strike under step two of the analysis if it finds that Allen can establish a likelihood of prevailing on his claims with substantial competent evidence.

To sum up, we conclude the district court erred by denying the motion to strike under K.S.A. 2016 Supp. 60-5320(d) for the sole reason that Taylor denied making some of the defamatory communications identified in Allen's petition. We remand with directions for the district court to conduct further analysis consistent with the statute. This opinion does not address the issues that Allen attempted to raise in his cross-appeal, and these claims may still be asserted by Allen in future proceedings.

Reversed and remanded with directions.